STATE, EX REL. POLK COUNTY, RELATOR, V. GEORGE W. MARSH, AUDITOR OF PUBLIC ACCOUNTS, RESPONDENT.

FILED OCTOBER 14, 1921. ·No. 22377.

1. Elections: COURTHOUSE BONDS: VOTES OF WOMEN. Since the nineteenth amendment to the Constitution of the United States became effective, the votes of women cast at an election for the submission of a proposition to issue bonds of a county for the purpose of erecting a courthouse are of equal validity with, and are as much entitled to be counted as, those of male voters.

2. Counties: COURTHOUSE BONDS: STATUTORY PROVISIONS. The special provision contained in section 954, Rev. St. 1913, as amended, for the submission to the voters of a proposition to issue bonds of a county for the erection of a courthouse controls. such an election, and not the general provision contained in sections 956 to 960, inclusive.

Original proceeding in mandamus to compel respondent, as auditor, to register certain bonds of Polk county, issued for the erection of a courthouse. *Writ allowed.*

*Stout, Rose, Wells & Martin* and *M. A. Mills, Jr.,* for relator.

Clarence A. Davis, Attorney General, and Mason Wheeler, contra.

Heard before LETTON, DAY and DEAN, JJ., CORCORAN and Goss, District Judges.

LETTON, J.

This is an original action in mandamus upon the relation of Polk county against the auditor of public accounts to compel him to register $125,000 of bonds of that county voted for the purpose of erecting a courthouse at a special election. The board of canvassers certified the returns of the election as follows:

"For said bonds and tax:

Women's vote, six-hundred sixty............. 660
Men's vote, nine-hundred forty-one........... 941
                                            ———
   Total votes for.......................1,601
"Against said bonds and tax:
Women's vote, four-hundred eighty-seven.... 487
Men's vote, nine-hundred sixty-two.......... 962.
                                            ———
   Total votes against...................1,449"

The county board declared the proposition adopted. A transcript of all the proceedings was made, certified by the county clerk, and filed with the auditor of public accounts, who refuses to register the bonds. The auditor denies that the issuance of the bonds had been ordered by a majority of the legal voters of the county voting thereon, and alleges that the women voting at the election were not legally entitled to vote on the proposition, and that in fact, a majority of the legal voters of the county voted against the bonds and taxes. He also pleads that two-thirds of the votes cast is necessary under the statute and were not cast in favor of the proposition.

It is argued in the brief that the notice of the special election was insufficient, in that the polling places were not lawfully designated. The answer admits the allegations of the petition that due and proper notice was given of the time and place of the election, and that it was held at the places designated. A notice that an election would be held "at the regular polling places in the city" was held sufficient, in the absence of pleading and proof that there were no regular polling places in the city, or that the electors were in some way deprived of their opportunity to vote. This principle applies. *Hurd v. Fairbury*, 87 Neb. 745; *State v. Marsh, ante*, p. 547.

Were women eligible to vote at the election? The election was held on September 21, 1920. The nineteenth amendment to the Constitution of the United States had been proclaimed and became effective August 26, 1920. Fed. St. Ann. Supp. 1920 (2d ed.) p. 821. This provides:

"The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any state on account of sex." Under the decisions of the United States supreme court construing the fifteenth amendment to the Constitution of the United States, it is held that all discriminations in the elective franchise based upon "race, color, or previous condition of servitude" are absolutely without force or effect; that distinctions may be made between classes of citizens upon other grounds, but that as to the grounds inhibited such restrictions are absolutely void. These decisions are strictly in point and apply to the question presented here. *Neal v. Delaware,* 103 U. S. 370, 389; *Guinn v. United States,* 238 U. S. 347; *Myers v. Anderson,* 238 U. S. 368.

It appears that at the special election at which the proposition to issue the bonds was submitted, women were allowed to vote, but that their votes were separately counted and returned. The difference or distinction made or sought to be made by the election or canvassing board was "on account of sex." Their rights as to the deposit of ballots at the election were not "denied or abridged," but if, as contended, their votes should not be counted, this would be an effectual denial of their right to vote. A vote which is uncounted amounts to nothing. A refusal to count such vote or to recognize it as having full force and effect would be a clear violation of the nineteenth amendment. The votes cast by the women at the election are as much entitled to be counted as those cast by the men, and there is a clear majority for the affirmative.

It is also objected that two-thirds of the votes cast were not in favor of the proposition, as required by section 959, Rev. St. 1913. Section 956 is a general law governing "the mode of submitting questions to the people for any purpose authorized by law." Sections 956 to 960, inclusive, show that the raising of money is one of the questions which may thus be submitted to the people of a county. For its adoption such a proposition requires that two-thirds of the voters voting at the election vote

affirmatively. Section 954, though a part of the same act, contains a special provision authorizing the county board to provide a suitable courthouse, and for that purpose to borrow money and to issue the bonds of the county to pay the same. "But no appropriation exceeding $1,500 shall be made for the erection of any county building except as hereinafter provided, without first submitting the proposition to a vote of the people of the county at a general election or a special election ordered by said board for that purpose, and the same is ordered by a majority of the legal voters voting thereon." The special provision controls. There is a restriction in the same section that "In no case shall the levy of taxes made by the county board for all purposes, including the taxes levied herein provided for the erection of a courthouse or jail, exceed in any one year the sum of fifteen mills on the dollar of the assessed valuation of said county." Section 954, as amended by chapter 67, Laws 1919.

Attached to the transcript is a certificate of the county clerk of Polk county that the rate of taxes levied for county purposes in 1920, including 1.46 mills for a courthouse building fund, amounted in all to 12.61 mills. It is apparent, therefore, that the levy of taxes to be made in the future may well be within the 15-mill limitation of the statute without interfering with ordinary running expenses.

We find no sufficient reason assigned for the refusal to register the bonds. A peremptory mandamus is allowed as prayed.

WRIT ALLOWED.