STATE OF NEBRASKA EX REL. WILLIAM M. SHELLEY,
APPELLANT, V. BOARD OF COUNTY COMMISSIONERS OF
FRONTIER COUNTY ET AL., APPELLEES.

57 N. W. 2d 129

Filed February 20, 1953. No. 33247.

*Cloyd E. Clark* and *Van Pelt, Marti & O'Gara,* for appellant.

*F. J. Schroeder* and *George B. Hastings,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action relator sought a writ of mandamus directing respondents to issue bonds for the erection of a courthouse. Respondents demurred generally. The trial court sustained the demurrer. Relator stood on his petition. The action was dismissed. Relator appeals. We affirm the judgment of the trial court.

The demurrer admits the following factual situation:

December 21, 1950, the State Fire Marshal ordered the courthouse of Frontier County either repaired in an extensive way or that the building be demolished.

April 20, 1951, the county board adopted a resolution and order dealing with that matter. In it they found that it was necessary to provide a courthouse; $200,000 was an adequate sum for that purpose; a bond issue was required; and it was necessary to assess taxes the aggregate of which would exceed the constitutional limita-

tion of 50¢ per $100 actual valuation of the property of the county, for the purpose of providing the funds necessary for paying the principal and interest on the bonds. They determined that the excess tax was to be used for that purpose. A special election was called for May 28, 1951, to vote on the "proposition and question": Shall the board be authorized to borrow money and issue general obligation bonds in any sum not exceeding $200,000 for the purpose of erecting a suitable courthouse and pledge the resources and property of the county to pay for the same (the terms of the bonds being specified) *and*, shall the county authorities be authorized to make a tax levy annually in excess of the constitutional limit in a rate and amount sufficient to pay the principal and interest on the bonds. They provided for a vote for "said bonds and tax" or against "said bonds and tax." The notice of the election carried the above information, particularly reciting that it had been determined that a tax in excess of the constitutional limit would be necessary to pay the principal and interest on said bonds.

The election ballot contained the proposition of authority to issue the bonds and make the tax levy. Those voting were required to vote for or against the one proposition. At the election there were 2,713 votes cast. One thousand seven hundred and twenty-five were in favor of the proposition and 988 against it.

On June 15, 1951, the county board found that the vote in favor was less than two-thirds of the number of votes cast and that the bonds could not be legally issued.

This action was then brought to compel the issuance of the bonds and the construction of a courthouse.

The constitutional provision is: "County authorities shall never assess taxes the aggregate of which shall exceed fifty cents per one hundred dollars actual valuation as determined by the assessment rolls, except for the payment of indebtedness existing at the adoption hereof, unless authorized by a vote of the people of the county." Art. VIII, § 5, Constitution of Nebraska.

It is the relator's contention that section 23-120, R. S. 1943, is a special statute controlling this matter and that only a majority vote is required. As a secondary position he advances the contention that the bonds carried in any event and that it is the duty of the respondents to proceed to issue the bonds and pay therefor out of the general revenue of the county.

It is the respondents' contention that sections 23-125 to 23-129, R. S. 1943, control, and that a favorable vote of two-thirds of the total number of votes cast must be in favor of the proposition and that that vote not being had here the trial court was correct in its denial of the writ.

We take up first relator's secondary contention. To accept it would be to hold that the proposition of bonds and tax was divisible. Clearly the proposition submitted was intended to be and was one indivisible proposition.

Relator contends that the respondents were exercising the power given in section 23-120, R. S. 1943, and undertaking to provide a suitable courthouse by the erection of such a structure, and that they submitted the same to a vote where the required majority was had under the provision that: "But no appropriation exceeding fifteen hundred dollars shall be made for the erection of any county building except as hereinafter provided, without first submitting the proposition to a vote of the people of the county at a general election or a special election ordered by the board for that purpose, and the same is ordered by a majority of the legal voters thereon; * * *." This, however, ignores the final provision of the section: "* * * but in no case shall the levy of taxes made by the county board for all purposes, including the taxes levied herein provided for the erection or repair of a courthouse or jail, exceed in any one year the sum of fifty cents on every one hundred dollars of the assessed valuation of the county."

In State ex rel. Polk County v. Marsh, 106 Neb. 760,

184 N. W. 901, we held that this last-quoted provision was a restriction on the power granted.

The authority to levy a tax in excess of the constitutional limit must be found elsewhere in the statutes. That authority exists in section 23-125, R. S. 1943, which provides: "Whenever the county board shall deem it necessary to assess taxes, the aggregate of which shall exceed the rate of one dollar and fifty cents per one hundred dollars' valuation of the property of the county, the county board may, by an order entered of record, set forth substantially the amount of such excess required and the purpose for which the same will be required, and if for the payment of interest or principal, or both, upon bonds, shall in a general way designate the bonds and specify the number of years such excess must be levied, and provide for the submission of the question of assessing the additional rate required to a vote of the people of the county at the next election for county officers after the adoption of the resolution, or at a special election ordered by said county board for that purpose. If the proposition for such additional tax be carried, the same shall be paid in money and in no other manner." Section 23-129, R. S. Supp., 1949, fixed the vote required. It provides: "If it appears that two-thirds of the total number of votes cast upon the proposition at the election in which the proposition is submitted are in favor of the proposition, and the requirements of the law have been fully complied with, the same shall be entered at large by the county board upon the book containing the record of its proceedings, and it shall then have power to levy and collect the special tax in the same manner that the other county taxes are collected. Propositions thus acted upon cannot be rescinded by the county board." The parties agree that the 1951 amendment to the above statute is not applicable here.

Here the required vote was not had. It necessarily follows that the writ should not issue.

The judgment of the trial court is affirmed.

AFFIRMED.